IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | Case No.: 1:23-cr-029-AMP |
| | ) | |
| **BOBBY WAYNE RUSSELL** | ) | |

**Motion for Downward Variance and Sentencing Memorandum**

A little more than three years ago Bobby Wayne Russell and his wife took it upon themselves to help a family in the small-town community where they are from in North Alabama. The family home of a husband and wife and their eight children was in disrepair from the rooftop to the flooring. When it rained, water leaked through to the floor which naturally seeped into other parts of the home including the subflooring. Mold began to grow and soon infested the home, causing health issues for the family. Mr. Russell did not sit idle while the family suffered. Instead, he set out to fix the problems. He bought materials with the help of others and went to work. He removed the old roof and replaced it with a new one. He tore out the rotten and molded subflooring and replaced it. The family of Scott and Jeanie Nelson greatly appreciated Mr. and Ms. Russell and the others that helped repair their home. They were not surprised that Mr. Russell spearheaded the project. Through the years, he has built a reputation of helping others in his community. Often, he sees a stranger in need and extends a helping hand.

Mr. Russell is attaching letters and photographs of other examples of his service to community.

A sentence of one year of home confinement, a downward variance from the Guideline range of 27 months to 33 months of imprisonment, is appropriate here. The Court could add special conditions of probation, such as maintaining employment, providing 500 or more hours of community service, and completing his GED followed by vocational training. Such a sentence would be sufficient, but not greater than necessary to "reflect "[18 U.S.C.] § 3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the sentencing goals advanced in § 3553(a)(2)." *Kimbrough v. United States,* 552 U.S. 85, 110 (2007.). The goals reflected in 18 U.S.C. § 3553(a)(2) can be summarized as adequate punishment to promote respect for the law and seriousness of the offense, adequate deterrence, protection of public from other crimes, and to provide education, vocational or correctional treatment.

Mr. Russell is 49 years old. He is an arborist with his wife, Deborah. (PSR at ¶ 65.) They live in Falkville, a small town in Morgan County, Alabama. Mr. Russell has spent most of his life in Morgan County. He has always had a strong work ethic. The biggest struggle in his life was his addiction to methamphetamine. As is often the case, his addiction caused him to lose his job, his home, and his family. Fortunately, he was able to participate in a drug diversion program and enter substance abuse treatment at Shelter of the Most High. This was his turning point. After graduating the program, he began to succeed in life. (PSR at ¶ 76.) He was able to eventually buy back the home he had lost to addiction. His family and kids eased back into his life. He also met his wife, Deborah, and they built a successful business

together. He became deeply involved in his church and his community. He was thriving.

Mr. Russell, like many others, traveled to the January 6, 2021, rally without a plan to participate in criminal activity. That changed as he became swept up into the emotions and events of the day. There is no excusing away his criminal conduct. But, as he showed at his plea hearing, his remorse and regret run deep. He is deeply sorry for his actions and the harm he caused that day, not only to the victims identified by their initials in the indictment, but also all other law enforcement officers, elected officials and the public. He recognizes that his conduct was illegal and wrong.

A sentence of home confinement with a condition of community service would be just punishment. He could participate in community service by continuing with restoration projects and tree work, along with helping people with addiction issues. He is not a high risk to reoffend. Mr. Russell's educational and vocational needs would be best met outside the walls of the Federal Bureau of Prisons. He could participate in a GED program under the supervision of United States Probation. Moreover, he could also participate in vocational training at a community or two-year college. All these combined would make him an even more valuable asset to his community, thereby fostering the goals of 18 U.S.C. § 3553.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

        **/s/Jake Watson**
        Jake Watson
        Assistant Federal Public Defender
        Office of the Federal Public Defender
        Northern District of Alabama
        505 20th Street, North, Suite 1425
        Birmingham, Alabama 35203
        (205) 208-7170 Office
        Jake_Watson@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

        Respectfully submitted,

        **/s/Jake Watson**
        Jake Watson